

# NUMBER 13-26-00073-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

| | |
|---|---|
| **RYAN LANE PUEBLO,** | **Appellant,** |
| **v.** | |
| **THE STATE OF TEXAS,** | **Appellee.** |

## ON APPEAL FROM THE COUNTY COURT AT LAW NO. 2
## OF JOHNSON COUNTY, TEXAS

## MEMORANDUM OPINION

**Before Chief Justice Tijerina and Justices Silva and Cron
Memorandum Opinion by Justice Silva**

Appellant Ryan Lane Pueblo pleaded guilty to the offense of driving while intoxicated (DWI), a Class A misdemeanor enhanced by his prior DWI conviction. *See* TEX. PENAL CODE §§ 49.04(a), 49.09(a). Pueblo was sentenced to imprisonment for three hundred sixty-five days, which was suspended, and he was placed on community supervision for a term of two years. Following a hearing, Pueblo's community supervision

was revoked, and he was ordered to serve his originally imposed sentence. By a single issue, Pueblo contends his "due process rights were violated because the State failed to provide him with written notice of the alleged violations of the terms of his community supervision." We affirm.

## I.  BACKGROUND[1]

We summarize the background as necessary for the issues raised on appeal. Pueblo was alleged to have committed the offense of DWI on or about November 25, 2024. *See id.* § 49.04(a). The misdemeanor information and charge affidavit further alleged that Pueblo was previously convicted of DWI on September 27, 2018. *See id.* § 49.09(a). After pleading guilty to the charged offense and "true" to the State's enhancement allegation on April 17, 2025, he was placed on community supervision for two years. *See* TEX. CODE CRIM. PROC. art. 42A.053(a)(1). The terms and conditions of Pueblo's community supervision were affixed to the trial court's judgment and contained his signature.

On November 14, 2025, the State filed its second amended motion to revoke supervision alleging that Pueblo violated numerous terms and conditions of his community supervision. On November 25, 2025, Pueblo signed a waiver of his right to counsel and proceeded with his case pro se.

Subsequently, the trial court held a hearing on the State's motion. Before presentation of witness testimony, the following exchange occurred:

---

[1] This case is before the Court on transfer from the Tenth Court of Appeals pursuant to a docket-equalization order issued by the Supreme Court of Texas. *See* TEX. GOV'T CODE §§ 22.220(a) (delineating the jurisdiction of appellate courts), 73.001 (granting the supreme court the authority to transfer cases from one court of appeals to another at any time that there is "good cause" for the transfer). We are bound by the precedent of the transferring court to the extent that it differs from our own. *See* TEX. R. APP. P. 41.3.

| | |
|---|---|
| THE COURT: | Well, you signed a Waiver of Right to Counsel in connection with this matter. |
| [Pueblo]: | Yes, sir. |
| THE COURT: | And so we had set it with the understanding that you would be representing yourself. So, with that said, if you haven't been able to get somebody to represent you on a hearing that's set today after you had notice in connection with this matter, we're going to go ahead and proceed without counsel. |

Pueblo provided no response to the trial court following this exchange. The State called Jessica Fernandez, employed as a court officer with the Johnson County Adult Supervision Department, to testify concerning his alleged violations. Pueblo had no questions for Fernandez on cross-examination and presented no witnesses in his case-in-chief. Following arguments by the parties, the trial court revoked Pueblo's community supervision and sentenced him to imprisonment for three hundred sixty-five days in the Johnson County Jail. During the hearing, Pueblo did not contend that he was not provided with notice of the allegations contained in the State's motion to revoke. He did not file a motion for new trial. This appeal ensued.

## II.    STANDARD OF REVIEW AND APPLICABLE LAW

"[P]reservation of error is a systemic requirement that must be reviewed by the courts of appeals." *Williams v. State*, 662 S.W.3d 452, 460 (Tex. Crim. App. 2021). As a prerequisite to presenting a complaint for appellate review, "Texas Rule of Appellate Procedure 33.1 requires a timely, specific objection and a ruling by the trial court." *Montelongo v. State*, 623 S.W.3d 819, 822 (Tex. Crim. App. 2021) (citing TEX. R. APP. P. 33.1(a)). The appealing party carries "the burden to bring forth a record showing that error

3

was preserved." *Dixon v. State*, 595 S.W.3d 216, 223 (Tex. Crim. App. 2020).

There are a few exceptions to which Rule 33.1(a) does not apply: (1) "absolute rights," which are "widely considered so fundamental to the proper functioning of our adjudicatory process . . . that they cannot be forfeited . . . by inaction alone"; and (2) "rights that are 'not forfeitable'—they cannot be surrendered by mere inaction, but are 'waivable' if the waiver is affirmatively, plainly, freely, and intelligently made." *Garza v. State*, 435 S.W.3d 258, 260 (Tex. Crim. App. 2014) (quoting *Marin v. State*, 851 S.W.2d 275, 279–80 (Tex. Crim. App. 1993), *overruled on other grounds by Cain v. State*, 947 S.W.2d 262, 264 (Tex. Crim. App. 1997)). "Barring these two narrow exceptions, all errors—even constitutional errors—may be forfeited on appeal if an appellant failed to object at trial," *id.* at 260–61, "including those that implicate a defendant's due process rights." *Anderson v. State*, 301 S.W.3d 276, 280 (Tex. Crim. App. 2009).

"Generally, complaints concerning procedural due process are not preserved for appeal if the appellant did not make a due process objection at the time of revocation." *Gipson v. State*, 395 S.W.3d 910, 916 (Tex. App.—Beaumont 2013), *rev'd on other grounds*, 428 S.W.3d 107, 109 (Tex. Crim. App. 2014); *see Rogers v. State*, 640 S.W.2d 248, 263–64 (Tex. Crim. App. 1982) (second op. on reh'g) (noting the need to make "some type of due process objection" to complain on appeal). The rule concerning preservation "ensures that trial courts are provided an opportunity to correct their own mistakes at the most convenient and appropriate time—when the mistakes are alleged to have been made." *Hull v. State*, 67 S.W.3d 215, 217 (Tex. Crim. App. 2002).

"Written notice of the claimed violations of community supervision is one of the minimum requirements of due process which must be observed in community supervision

revocation hearings." *Cunningham v. State*, 673 S.W.3d 280, 285 (Tex. App.—Texarkana 2023, no pet.) (citation modified) (quoting *Tapia v. State*, 462 S.W.3d 29, 41 (Tex. Crim. App. 2015)). However, a defendant's due process complaint that he was not provided with notice of the allegations in a motion to revoke community supervision implicate neither a waivable-only right nor an absolute systemic requirement and fall under the purview of Rule 33.1. *See Eddie v. State*, 100 S.W.3d 437, 440–41 (Tex. App.—Texarkana 2003, pet. ref'd) (finding defendant's complaint that he was deprived of due process because "the record does not affirmatively reflect he was provided with a copy of the State's amended motion to revoke" was unpreserved for failing to alert the trial court to such complaint); *see also Rodriguez v. State*, No. 03-24-00605-CR, 2026 WL 375584, at *3 (Tex. App.—Austin Feb. 11, 2026, no pet.) (mem. op., not designated for publication) (concluding that defendant failed to preserve his argument on appeal concerning his failure to receive a copy of a motion to revoke when he "did not make any [such] claims before the trial court or file a motion for new trial asserting them").

## III. ANALYSIS

Pueblo contends "[t]he record is absent of any evidence which would show that [he] received" notice "of the alleged violations of the terms of his community supervision as required by the Supreme Court [of the United States]." He argues that "[n]ot only is the record absent of any evidence that he received such notice, but there was nothing presented that he even knew what the alleged violations were prior to the hearing." The State responds to Pueblo's contentions by asserting his complaint on appeal is not preserved since he failed to timely object to any alleged error—a requirement under Rule 33.1. *See* TEX. R. APP. P. 33.1. We agree that Pueblo has forfeited this argument.

5

In the case before us, Pueblo did not object on any grounds during his revocation hearing, nor did he file a motion for new trial arguing he failed to receive notice of his alleged community supervision violations.[2] *See Eddie*, 100 S.W.3d at 440–41; *see also Rodriguez*, 2026 WL 375584, at \*3. Therefore, by failing to make a timely objection, request, or motion asserting he was not provided with such notice, Pueblo failed to preserve any error for appeal. *See* Tex. R. App. P. 33.1; *Gipson*, 395 S.W.3d at 916. Pueblo's sole issue is overruled.

## IV.    CONCLUSION

We affirm the trial court's judgment.

CLARISSA SILVA
Justice

Do not publish.
Tex. R. App. P. 47.2 (b).

Delivered and filed on the
9th day of July, 2026.

---

[2] Notably, the trial court pointed out that Pueblo received notice of the revocation proceeding, and Pueblo did not respond.